IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VISUAL SEMICONDUCTOR, INC., Appellant, v. STREAM TV NETWORKS, INC. et al. Debtors-in-Possession | Civil No.: 2:25-cv-06463-JMG |

**DECLARATION OF NICOLE MANEEN REGARDING
APPELLANT VISUAL SEMICONDUCTOR, INC.'S RESPONSE TO ORDER TO
SHOW CAUSE REGARDING WEISBERG LAW'S MOTION TO WITHDRAW**

1. My name is Nicole Maneen, and I am Chief of Staff to Mathu Rajan, Founder and Chief Executive Officer of Appellant Visual Semiconductor, Inc. ("VSI").

2. I am submitting this Declaration to the Court as a formal response to the Court's January 30, 2026 Order directing VSI to show cause why Weisberg Law's Motion to Withdraw (Dkt. No. 9) should not be granted and to explain VSI's plan for representation going forward.

**VSI Shows Cause Why Withdrawal Should Not Be Granted at This Time Without Conditions**

3. VSI does not dispute that counsel may withdraw where appropriate. However, immediate withdrawal at this stage—without an adequate transition period— would effectively deprive VSI of any ability to proceed, because a corporation may only appear in federal court through licensed counsel.

4. As noted in footnote 1 of this Court's Order of January 30, 2026 (Dkt. No. 11), federal courts have long held that a corporation may appear "only through licensed counsel" and "cannot represent itself *pro se* or through one of its officers."

1

5. Granting Weisberg Law's withdrawal before substitute counsel enters an appearance would prevent VSI from proceeding at all. Here, VSI's inability to secure replacement counsel is due to the extraordinary medical circumstances affecting VSI's CEO and principal, Mathu Rajan, as well as the inability to meet with current counsel.

6. To the extent Weisberg Law suggests that VSI "refused to substantively communicate" or otherwise abandoned the attorney-client relationship, I respectfully submit that any lapse in communication was not the result of unwillingness, implied dismissal of counsel, or intentional disregard of counsel's obligations. Rather, it was a direct consequence of the sudden and severe medical incapacity of VSI's CEO and principal, Mathu Rajan, who has been medically prohibited from participating in business or legal matters during intensive treatment for Acute Myeloid Leukemia.

7. Further, VSI's principal and staff never "blocked" any emails from Weisberg Law, and to the best of my knowledge, VSI experienced no long-term break of email capability. As far as I'm aware, VSI staff consistently received emails from other third parties without issue during the same time frame. Weisberg Law reported "bounce-backs" to VSI on a couple of occasions where such emails had actually been received by VSI and the email error messages appeared to have been either incorrect or resulting from the misspelling of a single recipient of an email sent to several recipients. For example, Weisberg Law reported a bounce-back email intended for Bud Robertson on December 18, 2025, and Mr. Robertson promptly responded to Mr. Weisberg: "I'm getting your emails. Not sure why you are getting a bounceback mssg."

8. As Chief of Staff to Mr. Rajan, my mobile phone number (and those of other key VSI staff) has been available to Weisberg Law since the time they were

engaged, but I received no texts, voicemail messages, or phone calls to indicate ongoing communication issues by Mr. Weisberg or any of his staff.

9. VSI has not only remained open to communication with Weisberg, it often specifically requested phone or Zoom meetings to discuss progress, strategy, and next steps in these appeals and other matters. Weisberg Law was often unavailable and provided no other phone number than the main line for its office, making text messaging and off-hours communication impossible. I provide this information solely for the purpose of illustrating the lack of communication options available to VSI other than email.

10. VSI has at all times intended to maintain representation in this matter, but Mr. Rajan's documented medical emergency has made meaningful communication and decision-making temporarily impossible.

11. Importantly, Mr. Rajan's anticipated incapacity was known to Weisberg Law in December 2025, when VSI provided Mr. Rajan's declaration and a physician letter describing his transplant schedule and expected recovery period for use in another federal matter in which Weisberg Law was also serving as counsel for VSI.

12. On February 3, VSI—through an email sent by Charles (Bud) Robertson to Weisberg Law—stated that it would not contest Weisberg Law's withdrawal on the condition that this Court grants a medical stay until at least June 1, 2026. As no such stay has yet been granted, VSI must contest Weisberg Law's withdrawal.

13. Accordingly, VSI respectfully requests that Weisberg Law's withdrawal not be granted immediately, but instead only upon the entry of appearance by substitute counsel, or upon the grant of a medical stay until at least June 1, 2026.

**VSI's Plan for Representation Going Forward**

14. VSI acknowledges that it must be represented by licensed counsel to proceed in this appeal. VSI has attempted to obtain substitute counsel but has been unable to finalize representation due to Mr. Rajan's incapacity and the resulting inability to meaningfully participate in counsel selection and case strategy.

15. Notwithstanding Mr. Rajan's current medical incapacitation, replacement counsel will also need reasonable time to review the complexities of these appeals and prepare a strategy going forward once they have been retained by VSI. Informed representation is critical to an equitable outcome, and requiring new counsel to meet critical deadlines before they have been brought "up to speed" would unfairly prejudice VSI.

16. Through Weisberg Law's letter of February 4, 2026, VSI requested that the Court stay this matter until approximately June 1, 2026, consistent with Mr. Rajan's expected bone marrow transplant and recovery timeline.

17. VSI respectfully represents that:

    a. VSI intends to retain qualified replacement appellate counsel as soon as practicable;

    b. VSI respectfully requests that the Court condition any withdrawal of Weisberg Law upon the entry of appearance by substitute counsel, and extend the stay as necessary to permit an orderly transition once Mr. Rajan is medically able to participate; and

    c. VSI will promptly notify the Court upon the appearance of new counsel.

18.     Absent such relief, VSI risks being unable to comply with federal requirements for corporate representation due solely to a medical emergency beyond its control.

**Conclusion**

19.     For the foregoing reasons, VSI respectfully requests that the Court deny Weisberg Law's Motion to Withdraw at this time. In the alternative, VSI requests that the Court grant withdrawal only upon the entry of appearance by substitute counsel, and that the Court continue the medical stay for a reasonable period so that VSI may secure replacement counsel once its principal is medically able to participate.

20.     VSI respectfully submits that conditioning withdrawal on substitute counsel's appearance is the narrowest and most equitable relief consistent with the Court's Order and the medical circumstances of VSI's key strategist and decision-maker.

Executed under penalty of perjury this 9th day of February 2026.

*Nicole Maneen*

_____
Nicole Maneen