**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VISUAL SEMICONDUCTOR, INC.,<br>Appellant,<br>v.<br>STREAM TV NETWORKS, INC. et al.<br>Debtors-in-Possession<br>and<br>WILLIAM A. HOMONY et al.,<br>Trustees | Civil No. 2:24-cv-06617-JMG |
| VISUAL SEMICONDUCTOR, INC.,<br>Appellant,<br>v.<br>STREAM TV NETWORKS, INC. et al.<br>Debtors-in-Possession<br>and<br>WILLIAM A. HOMONY et al.,<br>Trustees | Civil No.: 2:25-cv-00751-JMG |
| VISUAL SEMICONDUCTOR, INC.,<br>Appellant,<br>v.<br>STREAM TV NETWORKS, INC. et al.<br>Debtors-in-Possession | Civil No.: 2:25-cv-06463-JMG |

**SECOND EMERGENCY MOTION OF APPELLANT VISUAL SEMICONDUCTOR, INC.**
**TO EXTEND TEMPORARY MEDICAL AND COUNSEL-RETENTION STAY**

Appellant Visual Semiconductor, Inc. ("VSI") respectfully moves for a limited extension of the Temporary Medical and Counsel-Retention Stay previously entered by this Court. This motion ("Motion") is being submitted to the Court by Raja Rajan, an attorney who is the brother

of VSI's principal, Mathu Rajan, solely for the purpose of filing this request on the docket. Mr. Rajan is not counsel of record for VSI, does not represent VSI in these matters, and has not entered an appearance. This disclosure is made to ensure transparency regarding the submission of this filing while VSI seeks to retain replacement counsel. In support of this Motion, VSI states as follows:

## I. INTRODUCTION

1. On May 31, 2026, VSI filed its Emergency Motion for Temporary Medical and Counsel-Retention Stay. That motion was supported by the April 20, 2026 medical verification letter of Mr. Rajan's treating transplant physician, the Declaration of Charles M. Robertson, and this Court's February 11, 2026 Order entered in a related appeal.

2. On June 3, 2026, this Court granted the requested relief in substantial part, stayed these appeals through August 3, 2026, granted prior counsel's motion to withdraw, and directed VSI to retain replacement counsel on or before August 3, 2026. See **Exhibit A**.

3. VSI respectfully requests a further limited extension of the existing stay through October 5, 2026.

4. Although Mathu Rajan has continued to make progress in his recovery following his allogeneic hematopoietic stem cell transplant, his recovery has proceeded more slowly than anticipated. Mr. Rajan remains unable to resume the executive responsibilities necessary to direct VSI's litigation strategy, evaluate and retain replacement appellate counsel, and meaningfully participate in these complex bankruptcy appeals.

5. Attached as **Exhibit B** is the Supplemental Declaration of Charles M. Robertson, Vice President of Operations of VSI. The declaration provides updated factual information regarding Mr. Rajan's continuing recovery, VSI's continued inability to retain replacement

appellate counsel, and VSI's continuing intent to prosecute these appeals once Mr. Rajan is medically able to participate in those efforts.

6. VSI therefore requests a modest additional extension so that these appeals may proceed with properly retained counsel once Mr. Rajan is medically able to participate.

## II. CONTINUING MEDICAL CIRCUMSTANCES

7. Mr. Rajan continues to recover from the allogeneic hematopoietic stem cell transplant performed on March 4, 2026.

8. Since entry of the Court's June 3, 2026 Order, Mr. Rajan's recovery has continued but remains incomplete.

9. While VSI is encouraged by Mr. Rajan's continued progress, he remains unable to resume the executive responsibilities necessary to direct these appeals or participate meaningfully in the retention of replacement appellate counsel.

10. VSI does not presently possess a more recent physician letter than the April 20, 2026 medical verification previously submitted to this Court.

11. However, the medical circumstances described in that medical verification remain substantially unchanged except that additional time has elapsed and Mr. Rajan's recovery continues.

12. As explained in the Supplemental Declaration attached as Exhibit B, Mr. Rajan remains unable to provide the strategic direction and corporate decision-making necessary to retain replacement appellate counsel and prosecute these appeals.

## III. CONTINUING NEED FOR SUBSTITUE COUNSEL

13. VSI remains without replacement appellate counsel.

14. The Court previously recognized VSI's need to obtain substitute counsel by granting the Temporary Medical and Counsel-Retention Stay while simultaneously granting prior counsel's motion to withdraw.

15. As explained in Exhibit B, meaningful retention of replacement counsel continues to require Mr. Rajan's participation because he remains VSI's Chief Executive Officer and principal corporate decision-maker with primary responsibility for directing these appeals.

16. Exhibit B further explains that, despite diligent efforts, VSI has been unable to complete the retention of replacement appellate counsel because Mr. Rajan remains medically unable to provide the strategic guidance, factual review, and litigation direction necessary for counsel to undertake representation in these complex bankruptcy appeals.

17. VSI remains committed to retaining qualified replacement counsel as soon as Mr. Rajan is medically able to participate in that process.

## IV. GOOD CAUSE EXISTS FOR A FURTHER LIMITED EXTENSION

18. The Court has already determined that good cause existed to stay these proceedings because of Mr. Rajan's medical condition and VSI's need to retain substitute counsel.

19. The circumstances supporting the Court's June 3, 2026 Order continue to exist. The principal change is that Mr. Rajan's recovery has required additional time.

20. As confirmed by the Supplemental Declaration attached as Exhibit B, VSI has continued to monitor Mr. Rajan's recovery and remains unable to complete retention of replacement counsel despite its good-faith efforts.

21. VSI seeks only one additional, limited extension of approximately two months.

22. This request is made in good faith and not for purposes of delay.

23. Appellees will suffer little or no prejudice from a brief additional stay. By contrast, denial of the requested extension would substantially prejudice VSI by requiring it to proceed without replacement counsel and without the participation of its principal corporate decision-maker.

24. The requested extension remains narrowly tailored to the extraordinary circumstances previously recognized by this Court.

## V. REQUESTED RELIEF

WHEREFORE, Appellant Visual Semiconductor, Inc. respectfully requests that this Court enter an Order:

A. Extending the Temporary Medical and Counsel-Retention Stay through October 5, 2026;

B. Extending VSI's deadline to retain replacement counsel until October 5, 2026;

C. Directing VSI to file a status report regarding Mr. Rajan's medical recovery and VSI's efforts to retain replacement counsel on or before October 5, 2026; and

D. Granting such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Visual Semiconductor Inc.



By: ______________________
Charles M. Robertson
VP of Operations

Date: July 19, 2026